UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDY SILVEIRA-GRANADO,

    Petitioner,

v.                             Case No.: 2:26-cv-00055-SPC-NPM

DAVID HARDIN *et al.*,

    Respondents,
_____/

**OPINION AND ORDER**

    Before the Court are Sandy Silveira-Granado's Petition for Writ of Habeas Corpus (Doc. 2), the government's response (Doc. 15), and Silveira-Granado's reply (Doc. 16). For the below reasons, the Court grants the petition.

    Silveira-Granado is a native and citizen of Cuba. He entered the country on August 25, 2022, and was detained by Customs and Border Patrol. Immigration and Customs Enforcement ("ICE") released Silveira-Granado under an order of release on recognizance five days later. Silveira-Granado timely applied for asylum and withholding of removal. He has never been charged or convicted of any crime. Silveira-Granado has reported to ICE annually as required by the order of release on recognizance. When he reported to ICE's Miramar office on October 17, 2025, ICE detained him. At a custody redetermination hearing on December 22, 2025, an immigration judge found she lacked jurisdiction to consider release on bond under *Matter of*

*Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Silveira-Granado is currently detained at Glades County Detention Center.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Silveira-Granado. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Silveira-Granado asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in prior cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners

2

in those cases, Silveira-Granado's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Silveira-Granado has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Silveira-Granado before an immigration judge for a bond hearing or release him within ten days. The respondents note that the Executive Office for Immigration Review is the agency that conducts and manages bond hearings. To be clear, it is the Court's ruling that subjecting Silveira-Granado to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Silveira-Granado receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Sandy Silveira-Granado's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within ten days of this Order, the respondents shall either (1) bring Silveira-Granado for an individualized bond hearing before an immigration judge or (2) release Silveira-Granado under reasonable conditions

3

of supervision. If the respondents release Silveira-Granado, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1